# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA SINGH | CIVIL ACTION |
| VERSUS | NUMBER 11-38-JJB-DLD |
| WACKENHUT CORPORATION | |

## ORDER

This matter is before the court on a referral from the district court on defendant's motion for sanctions for plaintiff's failure to comply with notice of deposition and to compel deposition testimony (rec. doc. 17), filed herein on June 26, 2012.    Pursuant to Local Rule 7.4, any opposition to this motion was required to be filed within twenty-one (21) days after service. Plaintiff's response to the motion was due July 20, 2012, but as of July 26, 2012, the court has not received such response.

Defendant contends that plaintiff's deposition has been noticed and re-noticed on four occasions.  Plaintiff requested that the dates for the first three notices of deposition be changed to either accommodate her schedule, or because she was ill or hurt.  Defendant re-set the deposition for the fourth time; however, plaintiff failed to appear for the most recently scheduled deposition, and failed to provide any valid reasons for her failure to appear.  Defendant requests fees and costs for the multiple notices, time spent preparing for the depositions, and the fees and costs in connection with this motion.  Defendant also requests that plaintiff be ordered to appear at defendant's counsel's office within thirty (30) days for deposition.  (rec.doc. 17)

## *GOVERNING LAW AND ANALYSIS*

Pursuant to Federal Rule of Civil Procedure 37(d), the court may order sanctions "[i]f a party . . . fails, after being served with a proper notice to appear for that person's deposition, including an order requiring the party to pay the reasonable attorney's fees caused by the failure to appear, unless the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, plaintiff has not argued that the deposition notice was invalid or defective in some way, and while the court is aware that plaintiff is proceeding herein *pro se,* the court notes that plaintiff has been warned about her failure to appear for deposition in an earlier lawsuit, *Singh v. Wackenhut*, 07-173-RET-CN, having been sanctioned $500.00 for her failure to appear for a properly noticed deposition in that suit. (C.A. 07-173-RET-CN, rec.doc. 49) Therefore, since plaintiff failed to provide any substantial justification for her failure to appear for a properly noticed deposition; the court finds that her conduct should be sanctioned, and will award defendant $500.00 for its reasonable costs and fees. Further, the court will order that plaintiff appear for her deposition within 30 days of this order. Defendant shall make a good faith attempt to set the deposition at a mutually convenient date, and the deposition shall take place at defendant's counsel's Baton Rouge office.

Also, as plaintiff has now had her deposition set a total of four times previous to this order, the court advises plaintiff that any further attempts to delay her deposition or otherwise obstruct the discovery process shall result in the recommendation that: 1) she be barred from testifying at trial, either in person or by affidavit; 2) further attorney's fees and costs be awarded; and/or 3) her lawsuit be dismissed pursuant to Rule 37(b).

-2-

Case 3:11-cv-00038-JJB -DLD   Document 20   07/26/12   Page 2 of 3

Accordingly,

**IT IS ORDERED** that the motion for sanctions be **GRANTED**, and plaintiff is ordered to appear for her deposition at defendant's counsel's office within 30 days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff shall pay $500.00 to defendant for its reasonable costs and fees incurred in plaintiff's failing to appear for her deposition and for the filing of the instant motion. Such payment is due no later than 60 days from the date of this order.

In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 26, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**